IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:12-CR-318-D(9) |
| VS. § | |
| § | |
| AMANDA NADINE RIZKALLAH, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Amanda Nadine Rizkallah ("Rizkallah") has filed several pretrial motions that the court decides by this memorandum opinion and order.[1]

I

*Motion for Disclosure of Rule 404(b) Evidence and its Purpose*

Rizkallah moves the court to require the government to disclose any evidence that it intends to offer at trial under Fed. R. Evid. 404(b), and to state the general purpose for which any such evidence is offered. She also requests that the court convene an evidentiary hearing before trial to determine the admissibility of any Rule 404(b) evidence that the government intends to offer at trial.

---

[1]On November 21, 2014, eight of the ten defendants filed an unopposed motion for continuance of trial. Any deadline included in this memorandum opinion and order that is set for a specific date is based on the current trial setting of February 2, 2015. If the continuance motion is granted, the court will reset any specific date based on the new trial setting. If the court denies the continuance motion, any such specific date will continue to apply.

The government responds that it will comply with Rizkallah's disclosure request to the extent required by Rule 404(b)—that is, that it will provide a statement of the general nature of the evidence and the purpose for which it is being offered—and it states that it will do so at the time pretrial material is due under the court's scheduling order, i.e., 14 days prior to trial. The government opposes the motion to the extent Rizkallah's request exceeds the scope of Rule 404(b). It also opposes Rizkallah's request for a pretrial hearing, although it does not oppose a brief, appropriate hearing outside the jury's presence during trial.

To the extent the government has agreed to comply with its obligations under Rule 404(b), Rizkallah's motion is denied as moot. To the extent Rizkallah's request exceeds what Rule 404(b) requires, the motion is denied. The government must provide the notice required by Rule 404(b) no later than 14 days before the date the trial commences (i.e., Tuesday, January 20, 2015, because 14 days before February 2, 2015 is a federal holiday).

The court denies Rizkallah's request for a pretrial evidentiary hearing to determine the admissibility of Rule 404(b) evidence. A pretrial hearing is not required, and a ruling on the admissibility of Rule 404(b) evidence often requires that the court assess proof offered, or positions taken, by a party during the trial itself. Instead, the court orders that the government not disclose Rule 404(b) evidence to the jury until it has obtained a ruling outside the jury's presence that the evidence is admissible.

Except to the extent the court is granting Rizkallah's motion for disclosure of Rule 404(b) evidence and its purpose, the motion is denied.

II

*Motion for Evidence Favorable to Defendant*

Rizkallah moves the court to order the government to disclose any evidence that is exculpatory or favorable to her and that could lead to evidence that is exculpatory or favorable. She identifies 15 particular categories that she maintains would be exculpatory. Rizkallah also requests that the government's attorney be ordered to examine her files and to question government agents, informants, or other persons working with the government in this case regarding their knowledge of any such evidence or materials. She also requests that she be allowed to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

In response, the government states that it will comply fully with its obligations under Fed. R. Crim. P. 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. The government objects to the motion to the extent that Rizkallah's requests exceed the scope of any disclosures required by law, or place a greater burden on the government than the law provides.

To the extent Rizkallah requests discovery that the government is required, or has offered, to disclose under Rules 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady* and its progeny, and/or *Giglio* and its progeny, the motion is denied as moot. The government will be expected to comply with its obligations under *Brady*, *Giglio*, and the

Jencks Act, and these rules. To the extent Rizkallah's requests exceed what is required by these authorities, the motion is denied. The government need not produce Jencks Act materials or statements discoverable under Rule 26.2 until the deadline specified *infra* at § V.

III

*Motion for Early Designation of Government's Expert Witnesses*

Rizkallah moves the court[2] to require the government to designate no later than January 5, 2015 whom, or at least what category of expert witness, the government intends to call in its case-in-chief, the credentials of such expert witness, any documentation that the expert has reviewed to give his opinion, and a general summary of the testimony sought from the expert. The government responds that it does not oppose Rizkallah's motion. It agrees to designate its experts, if any, by January 5, 2015. It also requests that the court order Rizkallah to designate her experts by January 12, 2015.

Because the government does not oppose Rizkallah's motion, the court denies the motion as moot, on the assumption that the government will comply with its Rule 16(a)(1)(G) expert obligations no later than January 5, 2015.

The court grants the government's request that Rizkallah be ordered to designate her experts, except that the court sets January 20, 2015 as the deadline for her to make any such designation.

---

[2]Rizkallah has filed two identical motions for early designation of government's expert witnesses.

IV

*Motion for Disclosure of Plea Bargain Agreements*

Rizkallah moves the court to require the government to disclose plea agreements, and/or drafts thereof, between the government and any person who will be a witness for the government.[3] She also requests related information regarding witnesses who have reached other understandings with the government in exchange for their testimony. Rizkallah specifically requests that the government be required to produce contemporaneous notes made by case agents during proffer sessions or notes or reports of interviews of cooperating witnesses.

The government responds that it will comply with Rizkallah's requests by producing all plea agreement documents and any documents reflecting promises made to testifying witnesses. It also identifies two other cases in which coconspirators charged in the instant case are also charged. The government opposes the motion to the extent Rizkallah seeks disclosure beyond that to which she is legally entitled by law or places a greater burden on the government than the law provides. It states that it will comply with its obligations under *Giglio* and its progeny, and all court orders.

To the extent the government has agreed to comply with its obligations under *Brady* and *Giglio*, the court denies the motion as moot. To the extent Rizkallah's motion exceeds the government's obligations under *Brady* and *Giglio*, the motion is denied.

---

[3]Rizkallah has filed two identical motions for disclosure of plea bargain agreements.

- 5 -

Regarding Rizkallah's requests for contemporaneous notes made by agents during proffer sessions or notes or reports of interviews of cooperating witnesses, the court orders the government to disclose any agent notes to the extent required to do so by *Brady* or *Giglio*. Additionally, the government must disclose any material that qualifies as a "statement" under the Jencks Act or Rule 26.2(f). To the extent Rizkallah's motion seeks more than that to which the government has agreed, or that exceeds the government's obligations under *Brady* or *Giglio*, the Jencks Act, or Rule 26.2, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § V.

V

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than December 29, 2014 with its disclosure and discovery obligations imposed by this memorandum opinion and order and by the government's agreement to produce what Rizkallah has requested. Concerning material that qualifies as a "statement" under the Jencks Act or Rule 26.2(f), in accordance with the custom in this district, the government must comply with the Jencks Act and Rule 26.2(a) no later than the

business day preceding the date on which Rizkallah will begin her cross-examination of the witness whose statement is being produced.

**SO ORDERED**.

November 24, 2014.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE